LOTTINGER, Judge.
This action arises out of an attempt by the State of Louisiana to correct a patent issued in 1881 to one Vileor Theriot covering, among other property, the fractional South Half of Section 21, Township 13 South, Range 4 West, Cameron Parish, Louisiana.
In their original petition filed July 22, 1963, the plaintiffs, Orlando B. Carter, O. S. Carter, Stephen L. Carter, Warren H. Carter, Harold D. Carter, Ethel Elmire Carter, Bertha Agnes Dupiere, Vida Carter Doxey, and Adam Nunez, allege that they are the owners of certain property located in Cameron Parish, Louisiana, more particularly described as the South Half of Section 21, Township 13 South, Range 4 West, acquired by their ancestors in title from the State of Louisiana by certificate and patent dated June 28, 1881. They further allege that on or about June 15, 1962, without authority from or agreement by plaintiffs, the State Land Office issued a new and/or corrective patent recognizing plaintiffs as the owners of the fractional North Half of Section 21, Township 13 South, Range 4 West.
Plaintiffs’ original petition named as defendant The State Land Office of the State of Louisiana and alleged that petitioners secured permission to sue the State of Louisiana by House Concurrent Resolution No. 74, passed on May 22, 1963.
Plaintiffs subsequently amended their original petition and named as defendants, Ellen Bryan Moore, Registrar of the State Land Office of the State of Louisiana, and Jimmie H. Davis, Governor of the *824 State of Louisiana. They further show that their ancestors in title acquired the property in question from the State of Louisiana via Certificate No. 3616, issued on June 28, 1881, and Patent No. 4150, issued on June 30, 1881, to Vileor Theriot, there being a continuous chain of title since that date. They reiterate the issuance of the new and/or corrective patent to Vileor Theriot, and allege that by. correcting the original patent defendants had divested the plaintiffs of property patented in 1881. They further allege that because of the fact that the law provides no relief by ordinary means to cause the correction of the June 15, 1962 patent or to cause a new corrective patent to be issued, they are entitled to a writ of mandamus to compel the Register of the State Land Office and the Governor of the State of Louisiana to fulfill the duties attached to their respective offices by issuing a new corrective patent or voiding the correction patent issued on June 15, 1962, concerning the South Half of Section 21, Township 13 South, Range 3 West, Cameron Parish, Louisiana.
The answer to plaintiffs’ original and supplemental petitions admits that the State of Louisiana issued Certificate No. 3616 N.S.O. to Vileor Theriot on June 28, 1881, and a patent to the same party on June 30, 1881, and admits that a corrective patent was issued on or about June 15, 1962, but alleges that the corrective patent referred to in plaintiffs’ petition was issued at the instance and upon the request of an attorney representing himself to be the attorney for the successors in title of Vileor Theriot, the original patentee, said attorney allegedly being the same as the attorney of record for the plaintiffs herein and also one of the named plaintiffs. Defendants further allege that said correction was issued only after careful examination of all pertinent records in the State Land Office, which examination showed the original patent to be in error. After listing numerous documents in support of their contention, defendants allege that the fractional South Half of Section 21, Township 13 South, Range 4 West, Cameron Parish, Louisiana, does not exist and has never existed, according to any official survey of said Township and Range; that since and before the admission of Louisiana as a state in the Union in 1812, any southern prolongation of the fractional North Half of said Section 21 has been a part of the bed of Grand Lake which was navigable in 1812 and at all times since, including the present date; that Vileor Theriot applied for and acquired swamp land and that on June 30, 1881 there was no swamp land in existence described as the fractional South Half of Section 21, T 13 S, R 4 West, Cameron Parish, Louisiana, and that no such swamp land has since existed; and that under the factual situation alleged in plaintiffs’ petition, an order by the Court commanding the issuance of a new and/or corrective patent covering the South Half of Section 21, Township 13 South, Range 4 West, Cameron Parish, Louisiana, would have the effect of disregarding and contravening the provisions of Article IV, Section 2, of the Constitution of the State of Louisiana.
After trial of the case and for written reasons assigned January 7, 1969, judgment was rendered in favor of the defendants, the Governor of the State of Louisiana and the Register of State Land Office, and against the plaintiffs, rejecting plaintiffs’ demands and dismissing their suit at their cost, and accordingly denying the issuance of a peremptory writ of mandamus sought by plaintiffs. A devolutive appeal from said judgment was granted plaintiffs on March 26, 1969.
Plaintiffs-appellants have filed with this Court an exception of prescription, in accordance with Article 2163 of the Louisiana Code of Civil Procedure, on the grounds that the six year prescriptive period as provided in Act 62 of 1912 would apply against defendants and, therefore, the defendants had no right, ability or authority to change, attack or affect Patent No. 4150 issued by the State of Louisiana, and/or to issue Patent No. 19228 changing the description of the property patented by said Patent No. 4150 of 1881.
*825 In his reasons for judgment the Trial Judge held that “the question before the court is whether or not under the foregoing facts and circumstances the State of Louisiana, through its State Land Office, had the right to ministerially reform a patent to correct an obvious descriptive error and thereby carry out the original intention of the applicant as well as that of the Office. At the outset we conclude that it is immaterial whether the error was brought to light by a party at interest, some third party, or was discovered routinely by office personnel.”
The Court went on to review the case, the evidence and the' facts, including a review of Act 62 of 1912, despite the fact that the plea of prescription had not been filed. That Act, now LSA-R.S. 9:5661, reads as follows:
“Actions, including those by the State of Louisiana, to annul any patent issued by the state, duly signed by the governor and the register of the state land office, and of record in the state land office, are prescribed by six years, reckoning from the day of the issuance of the patent.”
The Trial Judge held that under the facts in this case the Act did not apply and that what we have here is the right to reform an instrument containing an established descriptive error. He then went on to say the following:
“We concede that there is no express authority vested in the Governor and Register of State Land Office to issue a corrective patent but such authority is implied considering the necessity for adequate administration of our public lands. Such action by the Land Office is ministerial and discretionary subject only to the requirement that it not be arbitrary. Certainly, it is subject to judicial review as is here the case and we say the Land Office was not arbitrary and would have been so only had it refused to correct the original patent.”
and further said that reformation is that remedy in equity by means of which a written instrument is made or construed so as to express or conform to the real intention of the parties when some error or mistake has been committed.
Now as stated above, the plaintiff-appellants have filed with this Court an exception of prescription on the grounds that the six year prescription period as provided in Act 62 of 1912, now LSA-R.S. 9:5661, would apply against defendants and therefore the defendants had no right, ability or authority to change, attack or affect Patent No. 4150 issued by the State of Louisiana and/or to issue Patent No. 19228 changing the description of the property patented by said Patent No. 4150 of 1881. It is true that in the plaintiffs’ supplemental petition they asked for a writ of mandamus against the Register of the State Land Office and the Governor of the State of Louisiana to issue a new corrective patent or voiding the correction patent issued on June 15, 1962 concerning the South Half of Section 21, Township 13 South, Range 3 West, Cameron Parish, Louisiana, but now by the filing of the plea of prescription as above stated they have changed their pleadings and now ask and pray that the exception or plea of prescription be maintained and that plaintiffs be declared the owners of said property as described in Patent No. 4150 of 1881.
Now there is no question but that the State of Louisiana was in error when it issued a patent to Vileor Theriot in 1881 affecting the South Half of said Section 21, because according to the judicial admissions of the State in its answer filed herein, defendants allege, and the plaintiffs do not contradict, that the fractional South Half of Section 21, Township 13 South, Range 4 West, Cameron Parish, Louisiana, does not exist and has never existed, according to any official survey of said Township and Range and that since and before the admission of Louisiana as a state in the Union in 1812, any southern prolongation of the *826 fractional North Half of said Section 21 has been a part of the bed of Grand Lake which was navigable in 1812 and at all times since, including the present date.
Now the big issue before this Court is, can the plaintiffs by taking advantage of R.S. 9:5661 claim the ownership of the fractional South Half of said Section 21 despite the fact that it is a part of the bed of Grand Lake and further, despite the fact that the State of Louisiana was prohibited from disposing or alienating the fee of the bed of any navigable stream, lake or other body of water in the state of Louisiana, or in other words can the state now (in 1962) change, attack or affect or in effect annul Patent No. 4150 issued by the State in 1881 and/or to issue Patent No. 19228 dated June 15, 1962 changing the description of the property patented by said Patent No. 4150 of 1881, especially when the alleged owners under skid patent are pleading the six year prescription as cited above?
This case is squarely in point with the California Company v. Price, 225 La. 706, 74 So.2d 1 (1954) and State v. Cenac, 132 So.2d 897 (Louisiana Appeals, First Circuit, 1961), writs refused, 241 La. 1055, 132 So. 2d 928, wherein it was held that the State was barred by six-year period of prescription from asserting the invalidity of a duly executed patent issued by the State covering the bed of a navigable waterway. It is not necessary for us here to rehash all of the jurisprudence and issues dealing with this main question, but a simple reading of these two cases will dispose of the issues involved here. So therefore for the many reasons given in the two cases cited above, it is hereby ordered that the State of Louisiana is barred by the six-year period of prescription, pleaded by the plaintiffs herein, from asserting the invalidity of said Patent at issue here and the said State of Louisiana is hereby barred from making any change of description of the property as originally described in Patent No. 4150 issued by the State in 1881 and further that the said so-called corrective Patent No. 19228 issued on June 15, 1962 be, and it is hereby declared null and void, and that the plea of prescription filed herein be maintained.
Judgment reversed and rendered.